JOHN CALLAGHAN v. THE STATE.

*No. 1495.   Decided December 9th, 1896.*

1.  **Keeping Disorderly House—Indictment.**

An indictment under Art. 341a, Old Penal Code, for keeping a disorderly house, which charged that defendant was the manager, etc., of a theatre, etc., where spirituous liquors were kept for sale, and that he knowingly employed, etc., therein lewd women, prostitutes, and women of bad reputation for chastity, is sufficient. The attention of the legislature is called to a serious omission in the language of Article 362, in the New Code of 1895.

**2. Same—Difference in Penalties Fixed by Articles 361 and 362.**

The penalty of $200, fixed by Article 361, applies to keeping a disorderly house generally, but, when the particular character of the house, or the manner in which it is kept, brings it within the terms of Article 362, the penalty prescribed by that article, viz: not less than $100, nor more than $500, controls.

APPEAL from the Criminal District Court of Harris. Tried below before Hon. E. D. CAVIN.

Appeal from a conviction for keeping a disorderly house; penalty, a fine of $100.

The indictment was found on the 29th of June, 1895. The charging part of the indictment is set out in the opinion. Defendant's motion to quash was overruled.

A motion in arrest of judgment was made upon the ground, that the indictment did not allege, that a prostitute, lewd woman or woman with bad reputation for chastity, was allowed to, or did display herself in said theatre and dance house, in a lewd, lascivious or indecent manner. Because, if the acts alleged constitute any crime, it is one for which the punishment could only be $200, and the Criminal District Court could have no jurisdiction thereof. Because the indictment did not charge any offense against the laws of Texas.

*Allen & Watkins,* for appellant.—This indictment cannot be said to have been drawn under Article 362, of the Penal Code, because the part of that article, which is a constituent element of the crime, to-wit: "To display or conduct herself" is omitted in this indictment. This being true, the pleader drew the indictment under Article 359, if under any law. Article 361 prescribes a punishment for the crime of keeping a disorderly house, and the language of this article is broad enough to include all the provisions of Article 359, then it must follow that the crime, if crime there be, charged in this indictment must be punished by a fine of two hundred dollars, no more nor no less, for each day, and that the court failed to charge the proper punishment which is fundamental error. If this contention is not true, this "statute is of such doubtful construction that it cannot be under stood," and should therefore "be regarded as wholly inoperative." Rev. Penal Code, Art. 6.

To constitute the crime of keeping a disorderly house in a case like this, it must be alleged that the "owner, lessee and tenant or manager, of a theatre and dance house where spirituous, vinous or malt liquors are kept for sale, did knowingly employ or have in service in such theatre or dance house, prostitutes, lewd women, or women of bad reputation for chastity to display or conduct themselves therein in a lewd, lascivious or indecent manner; and the leaving off of the words "to display or conduct themselves therein in a lewd, lascivious or indecent manner" make the indictment charge no crime.

The indictment does not allege that the described women were allowed to or did "display or conduct themselves, etc.," this part of Article 362 being left out.

Art. 362, Rev. Penal Code of 1895, defines the crime of keeping a theater and dance house in a disorderly manner. These are the elements that must concur to make the crime:

"Liquors must be kept for sale, women of bad reputation, etc., must be knowingly employed to display or conduct themselves in a lewd, etc., manner." The statute defines the class of women and says "to display," not "or who display." It is conjunctive, not disjunctive. It is true that Article 359 says, "or permitted to display or conduct themselves;" but we have already seen that this indictment was construed by the trial court in charging the punishment as being drawn under Article 362. The legislature, in framing Article 362, did not wish to deny to the women described the right to work in a theater; it was only in cases where they were knowingly employed "to display themselves," etc., that it became a crime. Although they may be at heart the women described in the statute, if they give no external proof thereof, the law cannot reach them.

No knowledge is shown to have been brought home to defendant of the alleged conduct of his employes; therefore a new trial should be granted. If the indictment is drawn under Article 359, the punishment is prescribed by Article 361, and as the court did not charge this punishment, and as the court had no jurisdiction under that article, a new trial should be granted. If the indictment is drawn under Article 632, the main constituent element of the crime is omitted in the indictment; and, therefore, the case should be dismissed. If the court is unable to tell what the law on the subject is from the conflict in Articles 359, 361 and 362, then the law should be regarded as wholly inoperative, and, therefore, the appellant should be dismissed.

*Mann Trice*, Assistant Attorney-General, for the State.—No bill of exceptions appears in the record. However, a motion in arrest of judgment questions (1) the jurisdiction of the Criminal District Court of Haris County to try the case; and (2) the sufficiency of the indictment.

1. In regard to the first question, it will be observed that the indictment is drawn under Art. 341a, Penal Code, which denounces a distinctively different offense than that denounced by Article 341. While the offenses denounced by both articles is termed "keeping a disorderly house," the constituent elements going to make the offense are different under each article, and the penalty affixed for a violation of Article 341a is by a fine of not less than $100 and not more than $500, while the penalty for violating Article 341 is by a fine of $200. It is, therefore, obvious that the Justice Court would have no jurisdiction of a prosecution under Article 341. This, then, under Arts. 1496-1497, Rev. Stat., invests the Criminal District Court of Harris County with the exclusive jurisdiction over prosecutions under Article 341a.

2. Objection is made to the indictment "because it does not allege that prostitutes, lewd women, etc., were permitted to display themselves in a lewd, lascivious, or indecent manner in said theater." This contention is no doubt based upon the reading of Article 341a, as it ap-

pears from the Revised Code of 1895, which, from its reading, seems to require that the lewd woman or woman of bad reputation, employed in the theater, be permitted to conduct themselves therein in a lewd, lascivious, or indecent manner. By reference to the Act of 1889, page 33, it will be observed that the article is not correctly copied into the Code. Under the original article, it is an offense "to employ or have in service in any theater, play-house, or house where vinous or malt liquors are kept for sale, any prostitute, lewd woman or woman of bad reputation for chastity; "or it is an offense to permit any prostitute, lewd woman, etc., to display, or conduct herself therein, in a lewd, lascivious or indecent manner." Following the denunciation of the first offense, the codifiers, or printer, omitted the following language: "or who shall permit any prostitute, lewd woman, or woman of bad reputation for chastity." See, Art. 362, New Penal Code—Acts 1889, p. 33. It is, therefore, obvious that the indictment was drawn under the first subdivision of Article 341a. If the case were to be decided by the literal language of Article 341a, as incorporated in the Rev. Penal Code of 1895, then it would seem that the indictment should charge conjunctively that the lewd women was kept and employed, and permitted to conduct themselves in a lewd and lascivious manner.

But, without reference to the question as to whether the court would be permitted to look to the original article, it being evidence that the omission of the above language was a mistake on the part of the codifiers, or printer, the case can be determined under the original Act of 1889, as the indictment herein was filed on the 29th of June, 1895, while the Revised Code did not take effect and become a law until August 8th, 1895.

HURT, PRESIDING JUDGE.—Conviction for keeping a disorderly house, under Art. 341a, Old Penal Code. The indictment charges that appellant was "the owner and manager of a theater and dance house, where spirituous, vinous and malt liquors were kept for sale, and that he did unlawfully and knowingly employ and keep and have in his service in said theater and dance house lewd women, prostitutes, and women of bad reputation for chastity." The indictment is sufficient. This indictment was presented before the Revised Penal Code went into effect, and was sufficient as the law then stood. The penalty under that law and under the Revised Statute is the same. We call the attention of the legislature to Art. 362, of the Rev. Penal Code of 1895, and suggest that they place it in the same form it was before. In the Revised Penal Code there is a very serious omission, which leaves the article in doubt as to whether the accused must have in his employ or service the women therein named, in order that they may display or conduct themselves in a lewd, lascivious, or indecent manner. The punishment fixed by Art. 361, Rev. Penal Code, 1895, to-wit: a fine of $200 for each day said house shall be kept, applies to keeping a disorderly house generally; yet Article 362 fixes the punishment for keeping a disorderly house therein

named and described, at not less than $100 nor more than $500. This punishment is fixed to this particular character of house, or the manner in which this particular house is kept, so as to constitute it a disorderly house, and therefore controls. The penalty submitted to the jury in the charge of the court was correct. The facts amply support the verdict, and the judgment is affirmed.

*Affirmed.*